Yvonne Arvanitis Fossati (SBN 161764)
Yvonne.Fossati@jacksonlewis.com
Sehreen Ladak (SBN 307895)
Sehreen.Ladak@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
BODYCOTE THERMAL PROCESSING, INC.

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECA ZIMERMAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BODYCOTE THERMAL PROCESSING INC., a California Corporation; and DOES 1 through 25, Inclusive,<br><br>    Defendant. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT**<br><br>[Diversity: 28 U.S.C. §§ 1332, 1441, 1443, and 1446]<br><br>[Filed concurrently with Declarations of Yvonne Arvanitis Fossati and Carrie Nobles; Civil Cover Sheet; Notice of Interested Parties; Defendant's Rule 7.1 Disclosure Statement and Notice of No Related Cases]<br><br>Complaint Filed:      July 1, 2020 |

**PLEASE TAKE NOTICE** that Defendant BODYCOTE THERMAL PROCESSING, INC. ("Defendant"), hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), (b), 28 U.S.C. § 1443, and 28 U.S.C. § 1446. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Defendant will provide evidence to support the allegations of this pleading in response to any challenge to the Court's jurisdiction.[1]

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over the instant action under 28 U.S.C. § 1332(a) because this matter is between citizens of different States and the amount in controversy exceeds $75,000.

2. Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. § 1332(a)(I). Both requirements are satisfied here because diversity of citizenship exists between Plaintiff REBECA ZIMERMAN ("Plaintiff") and Defendant, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

3. The instant action was filed in the California Superior Court for the County of Los Angeles. Venue properly lies in the United States District Court for the Central

---

[1] A removing defendant is required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547,551, 190 L. Ed. 2d 495 (2014). *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend,* 559 U.S. 77, 96-91 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

District of California pursuant to 28 U.S.C. §§ 84(c), 1391(b), 1441(a), and 1446(a).

## COMPLIANCE WITH STATUTORY REQUIREMENTS

4. On July 1, 2020, Plaintiff filed a civil complaint entitled *Rebeca Zimerman v. Bodycote Thermal Processing, Inc.*, in the Superior Court of the State of California for the County of Los Angeles, Case No. 20NWCV00365 (the "Complaint"). Declaration of Yvonne Arvanitis Fossati ("Fossati Decl.") ¶ 2. The Complaint sets forth twelve causes of action: (1) discrimination on the basis of pregnancy, childbirth or related medical condition; (2) disability discrimination; (3) gender discrimination; (4) retaliation [Cal. Gov. Code § 12940(k); (5) failure to prevent gender discrimination; (6) failure to accommodate; (7) failure to engage in the interacted process; (8) retaliation based on request of maternity leave; (9) retaliation [Labor Code § 1102.5]; (10) negligent supervision; (11) intentional infliction of emotional distress; and (12) wrongful termination in violation of public policy. Fossati Decl. ¶¶ 2, 4, Exhibit ("Ex.") A.

5. On July 7, 2020, the Superior Court filed a Notice of Case Management Conference. Fossati Decl. ¶ 3.

6. On July 13, 2020, Plaintiff served copies of the Summons, Complaint, Notice of Case Management Conference, and related court documents on the agent of service of process for Defendant. Fossati Decl. ¶4. True and correct copies of the Summons, Complaint, Notice of Case Assignment, and related court documents served on Defendant are attached as **Exhibit A** to the Fossati Declaration.

7. On August 7, 202, Defendant filed an Answer to the Complaint. Fossati Decl. ¶ 5. A true and correct copy of the Answer is attached as **Exhibit B** to the Fossati Declaration.

8. As of the date of this Notice of Removal, Exhibits A and B constitute all of the pleadings, process or orders that have been filed in this action. Fossati Decl. ¶¶ 4-6.

## THIS REMOVAL IS TIMELY

9. This removal has been filed within (30) thirty days after Defendant was

served with a copy of the Summons and Complaint on July 13, 2020. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action by a named defendant).

**THE CITIZENSHIP OF PLAINTIFF IS DIVERSE FROM THAT OF DEFENDANT**

10. The parties to this action are citizens of different States.

11. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004).

12. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).

13. As alleged by Plaintiff in the Complaint, Plaintiff "is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California." Fossati Decl. ¶ 2, ¶ 4, Exhibit A ("Complaint") at ¶ 1. Accordingly, Plaintiff was a citizen of California at the time she worked for Defendant and filed her Complaint. *Kantor*, *supra,* 704 F.2d 1088.

14. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities. *Id.*

15. Unlike Plaintiff, Defendant is not a citizen of California. Defendant is

1  incorporated under the laws of the State of Delaware with a principal place of business in
2  the State of Texas.  Declaration of Carrie Nobles ("Nobles Decl.") ¶ 3. Defendant's main
3  office is located at 12750 Merit Drive, Suite 1400, Dallas, Texas 75251. *Id.* Accordingly,
4  Defendant is a citizen of Delaware and Texas. 28 U.S.C. § 1332(c); *Johnson*, 437 F.3d at
5  899; *Hertz Corp.*, 559 U.S. at 80-81.

6  16.  The only other defendants named in Plaintiff's Complaint are merely fictitious
7  parties identified as "DOES 1 – 20," whose citizenship must be disregarded for the purpose
8  of removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the
9  citizenship of defendants used under a fictitious name shall be disregarded.").  Thus, there
10 are no other defendants to join in the removal of this action to this Court.

11 17.  Therefore, because Plaintiff is a citizen of California, and the sole named
12 Defendant is not a citizen of California, this action is brought between citizens of
13 different States under the definition of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

15 18.  This action also meets the amount in controversy requirement.  28 U.S.C. §
16 1332(a) authorizes the removal of cases in which, among other factors addressed above, the
17 amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.
18 Plaintiff's Complaint does not specify an amount in controversy.

19 19.  The amount in controversy may include general and special compensatory
20 damages, and attorney's fees which are recoverable by statute. *Simmons v. PCR Tech.,* 209
21 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (holding that general damages for emotional
22 distress are included in the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d
23 1150, 1155-1156 (9th Cir. 1998), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be
24 taken into account to determine jurisdictional amount). Punitive damages and civil penalties
25 are also included in calculating the amount in controversy. *Gibson v. Chrysler Corp.*, 261
26 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785,
27 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D.
28

Case 2:20-cv-07229-ODW-MAA   Document 1   Filed 08/11/20   Page 6 of 11   Page ID #:6

1  Cal. 2002).

2  20. In measuring the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing with approval Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability"); and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, fn. 1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969).

21. Here, though Defendant concedes no liability on Plaintiff's claims, the preponderance of the evidence demonstrates that Plaintiff is seeking damages in excess of the $75,000 jurisdictional requirement in this action. In that regard, Plaintiff's Complaint seeks to recover alleged: general and compensatory damages, mental and emotional distress damages, back pay, front pay, injunctive relief, costs of litigation, and attorneys' fees, and interest. *See* Fossati Decl. ¶ 2, ¶ 4, Exhibit A, Complaint at Prayer for Relief. Plaintiff also alleges that she:

    a. Suffered economic losses. Complaint at ¶¶ 55, 63, 73, 80, 87, 94, 103, 111, 122, 151.

    b. Suffered and continues to suffer a loss in earnings, employment benefits, and employment opportunities. Complaint at ¶¶ 10, 55, 63, 73, 80, 87, 94, 103, 111, 112, 130, 137, 151.

    c. Suffers and continues to suffer emotional distress. Complaint at ¶¶ 10, 39, 46, 56, 64, 74, 81, 88, 95, 104, 112, 123, 131, 134-138, 152.

                                                          TO THE UNITED STATES DISTRICT COURT

          d.      Is entitled to punitive and exemplary damages. Complaint at ¶¶ 65, 105, 113, 132, 153.

Fossati Decl. ¶ 4, Exhibit A.

22. Whereas here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-61 (9th Cir. 1996). That is, a plaintiff's failure to specify in the complaint the amount of damages she seeks does not deprive this Court of jurisdiction. *See, e.g., White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (a defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim.").

1. <u>Economic Damages</u>: The FEHA provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999). Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983). Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004). California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one or two additional years. *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987). Defendant has a reasonable good faith belief that Plaintiff seeks damages for lost wages and front pay on her FEHA claims in

excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

    a. Plaintiff was employed by Defendant from on or about May 2017 through on or about April 13, 2020. Complaint, ¶¶ 16, 44.

    b. According to her payroll records, Plaintiff earned $15.45 per hour. (Nobles Decl. ¶ 6) On average she worked 40 hours per week. (Nobles Decl. ¶ 6)

    c. Plaintiff's employment ended on April 13, 2020 when it was terminated due to her performance issues. (Nobles Decl. ¶ 5)

    d. To date, and as of the filing of this removal, Plaintiff's claimed lost wages equate to approximately $10,506.[2]

    e. Under a conservative estimate, any judgment in this case will likely be rendered no earlier than August 2021. Thus, if successful, given that Plaintiff's employment with Defendant ended on April 13, 2020, Plaintiff could seek an additional 1 year of lost earnings ($32,136) in addition to the $10,506 referenced above, plus an additional two years of front pay ($64,272) by the time of trial, for a total of $106,914 in economic damages.

23. <u>Emotional Distress:</u>  Plaintiff seeks damages for emotional distress in an unspecified amount. *See* Complaint, ¶10, 39, 46, 56, 64, 74, 81, 88, 95, 104, 112, 123, 131, 134-138, 152, and Prayer for Relief, ¶ 2, attached as Exhibit A to Fossati Decl. ¶ 4. Plaintiff claims she "has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish[.]" *See e.g.* Complaint ¶ 152. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000 jurisdictional

---

[2] Assuming damages from April 13, 2020 to August 11, 2020 (17 weeks) at a rate of $15.45 x 40 hours per week.

Case No:                                                     8   DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                                                                   TO THE UNITED STATES DISTRICT COURT

minimum. *See, e.g. Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612).

2. <u>Punitive Damages:</u> Plaintiff also seeks punitive damages. *See* Complaint ¶¶ 65, 105, 113, 132, 153 attached as Fossati Decl. ¶ 4, Exhibit A. In discrimination cases, courts have found that "a significant punitive damages award is likely if plaintiff succeeds in proving the allegations of her complaint." *Simmons*, 209 F. Supp. 2d at 1033; *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994); *Ponce v. Medical Eyeglass Ctr., Inc.,* 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the **$75,000** jurisdictional minimum. *See*, *Id*.

24. <u>Attorneys' Fees and Costs:</u> Finally, Plaintiff also seeks to recover attorneys' fees. *See* Complaint, Prayer for Relief ¶ 5, attached as Fossati Decl. ¶ 4, Exhibit A. Such fees may also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant. *Goldberg v. C.P.C. International, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982); *Galt G/S*, 142 F.3d at 1155-1156; *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons,* 209 F. Supp. 2d at

1035.³  "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady*, 243 F. Supp. 2d at 1011; *Celestino v. Renal Advantage, Inc.*, 2007 U.S. Dist. LEXIS 33827, at *11 (N.D. Cal. 2007) ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").  The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases.  *See*, *e.g.*, *Simmons*, 209 F.Supp.2d at 1035 (noting attorneys' fees in individual employment discrimination cases often exceed damages, and holding that "while attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages [related to the plaintiff's discrimination claim], the jurisdictional minimum is clearly satisfied). Furthermore, such fees are calculable beyond the time of removal.  *Id*.  At the minimal rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours.  *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 U.S. Dist. LEXIS 130082, at *9-10 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). As such, Plaintiff's attorney's fees, alone, could exceed $75,000 if the case proceeds to trial.  Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. Fossati Decl. ¶ 7.

25. As it is more likely than not that Plaintiff's claimed damages – as alleged in the Complaint – exceed $75,000; and, it cannot be said to a legal certainty that Plaintiff would not be entitled to recover more than the jurisdictional amount if Plaintiff prevails at trial, the requisite amount in controversy for diversity actions set forth in 28 U.S.C.

---

³ As the court in *Simmons* observed, "[a]lthough attorneys' fees cannot be precisely calculated, maintaining a ... discrimination claim will undoubtedly require substantial effort from counsel.  The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages." 209 F. Supp. 2d at 1035.

§ 1332(a) is satisfied and the instant removal is proper.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

### SERVICE ON PLAINTIFF AND THE STATE COURT

26.   Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and the Clerk of the Los Angeles County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

### NO ADMISSION

27.   Defendant does not concede in any way that the allegations in the Complaint are accurate, nor does Defendant concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, punitive damages, attorneys' fees, or any other relief.

28.   The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, the action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

Dated:  August 11, 2020        JACKSON LEWIS P.C.

By:  */s/ Yvonne Arvanitis Fossati*
　　　Yvonne Arvanitis Fossati
　　　Sehreen Ladak

Attorneys for Defendant
BODYCOTE THERMAL PROCESSING, INC.

4830-1533-2550, v. 1